OLD ROSE DISTRIBUTING CO. *v.* UNITED STATES (No. 4702)[1]

United States Court of Customs and Patent Appeals, November 4, 1952

[1] C. A. D. 499.

Barnes, Richardson & Colburn (*Joseph Schwartz* of counsel) for appellant.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard F. Weeks* and *Dorothy C. Bennett*, special attorneys, of counsel), for the United States.

[Oral argument October 9, 1952, by Mr. Schwartz and Mr. Weeks]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, COLE, and JACKSON (retired) Associate Judges

COLE, Judge, delivered the opinion of the court:

A very unusual situation is found in this appeal, which is from the judgment of the United States Customs Court, Third Division, pursuant to its decision, C. D. 1347, wherein the judgment provides as follows:

It is Hereby Ordered, Adjudged and Decreed: that the protest insofar as it claims that the liquidation, reliquidation, and re-reliquidation are null and void, is sustained, and the case is remanded to a single reappraising judge under the provisions of Section 16 (c) of the Customs Administrative Act of 1938 (28 U. S. C. S. 2636 (d), in order that a valid appraisement may be had.

The involved merchandise, a quantity of gin, was exported from the Virgin Islands in bottles of American origin. Cuban alcohol was the only foreign ingredient contained therein. The controlling statute, 48 U. S. C., 1394, reads:

There shall be levied, collected, and paid upon all articles coming into the United States or its possessions from the Virgin Islands the rates of duty and internal revenue taxes which are required to be levied, collected, and paid upon like articles imported from foreign countries: Provided, that all articles the growth of, or manufactured in, such islands, from materials the growth or product of such islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from such islands shall be admitted free of duty.

The collector first liquidated the entry as dutiable at $2.50 per wine gallon under paragraph 802, Tariff Act of 1930 as modified, while the bottles were admitted free of duty as American goods returned under paragraph 1615 of the Tariff Act of 1930, as amended. A protest by the importer claiming that said merchandise should be free of duty as a product of the Virgin Islands, or as not containing more than 20 per centum of foreign materials, resulted in the collector resubmitting the invoice to the appraiser for information and subsequently approving the protest and reliquidating the entry free of duty. The Commissioner of Customs then instructed the collector that the entry should be re-reliquidated in accordance with the original liquidation, which was done. The protest in the instant case is against that action.

Summarizing further, after the liquidation as free of duty, the merchandise was assessed as dutiable upon the theory that the bottles were not included in the appraised value of the gin, and therefore the

cost of the Cuban alcohol exceeded 20% of the value of the goods. While the valuation of $3.145 per case, as adopted by the trial court, included the value of the bottles, the appeal by the Government from such finding has been withdrawn. (Customs Appeal No. 4701.)

Originally, the plaintiff claimed in amendment to the protest that the re-reliquidation was untimely, but this claim was not pressed, presumably because the record discloses very clearly that the re-reliquidation was timely.

The entered and appraised value of the merchandise was $2,706.00 for the gin and $911.00 for the bottles, a total of $3,617.00, or a unit value of the gin per se of $2.353 and a unit value of gin and bottles of $3.145, the value of the Cuban alcohol being $0.576946 per case.

It will be seen from the foregoing that if the gin contained foreign materials valued at more than 20% of the total value, it was to be dutiable and that on liquidation the appraiser found this fact in the affirmative. When his decision was protested and the protest sustained, the goods entered free of duty, but on re-reliquidation, it was again found dutiable, the reason advanced being that the proper appraisement necessitated a finding of the value of the gin per se, exclusive of the bottles, and that this valuation made it clear that more than 20% of foreign materials were used in the product. The lower court, however, found from the evidence that the appraiser had, in fact, included the value of the bottles in the final appraisement and in so doing proceeded upon a wrong theory of law in that the value of the duty free bottles should not be considered as properly a part of the total value, and liquidation based thereon was invalid. The case was therefore ordered to be remanded to a single reappraising judge.

Appellant contends that the appraisement is not invalid and that the trial court erred in remanding the case to a single reappraising judge and in failing to hold the goods free of duty. At the same time, appellant admits that the appraisal was made at the value aforesaid and that such value did include both gin and bottles, but objects to the court's finding that such valuation was based upon a wrong theory of law and is therefore invalid. Appellant further contends that even if the court determines the appraiser's action incorrect, the appraisement itself is not null and void, but at most erroneous.

Both parties, through their respective counsel, argue convincingly in their briefs that the appraisement at $3.145 per case is valid and in no respect null and void. In answer to questions from the court during oral argument, counsel for both parties reaffirmed that position by conceding that the appraisal was not illegal and void, but perfectly valid. Further questions and answers during oral argument resulted in counsel for both parties conceding that there should be a reversal of

the judgment below. We find no difficulty whatsoever in agreeing with this position.

Government counsel have suggested that our mandate should be one of reversal in part with instructions to overrule the protest. Obviously, should such a course be followed we would, in effect, be striking down a valuation which is conceded to be valid. Neither could we remand the case for the purpose set forth in the judgment of the lower court returning the proceedings to a single reappraising judge in order that a valid appraisement may be had, because both counsel agree, as we find, that there is already a valid appraisement in existence. It would be folly therefore to direct further reappraisement.

Under the foregoing circumstances, it is for us, if we agree with the position taken by respective counsel, to reverse the court with instructions to sustain the protest thereby permitting the valuation found by the appraiser to stand. The concession of counsel that the appraisement herein is not null and void but at most, if not in that category, erroneous, is supported by abundant authority. *United States* v. *F. W. Woolworth Co., et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126; *United States* v. *Manahan Chemical Co., Inc.*, 24 C. C. P. A. (Customs) 53, T. D. 48333; *G. & H. Transport Co., Inc.* v. *United States*, 27 C. C. P. A. (Customs) 159, C. A. D. 78.

Tempting as it is to discuss the interesting questions raised as to the proper application of the quoted statute, and give expression to our views after studying the record in the case, and the able briefs on the point as to the inclusion or exclusion of the value of the bottles in the shipment in determining the dutiable value, there is but one decision for us to render and such discussion would have little, if any, bearing thereon.

The merchandise having been appraised as an entity at the value aforesaid of $3.145 per case for the gin and bottles, and the trial court having upheld the same, and no appeal from that decision being before us for review, such value must, as hereinbefore indicated, *prevail*.

JACKSON J., retired, recalled to participate herein.